JAIME JOSÉ VÁZQUEZ ET AL., Plaintiffs and Appellants, *v.* CIPRIANO SANTOS LANCHAS ET AL., Defendants and Appellees.

No. 4219.   Argued December 10, 1928.—Decided July 26, 1929.

*J. E. Vázquez Prada, pro se* and for the other appellants. *José Martínez Dávila* and *Manuel A. Martínez Dávila*, for the appellees.

Mr. Justice Texidor delivered the opinion of the court.

The lower court sustained demurrers to the complaint and rendered judgment for the defendants. Two of the points raised involved the sufficiency of the facts alleged in two distinct causes of action. The first one, as set forth in the complaint, may be summarized as follows:

That the defendants are the sole and universal heirs of Luisa López Laborde, who died intestate on July 26, 1918; that on March 30, 1916, Luisa López Laborde, for herself and on behalf of some of her children and jointly with the others, executed a voluntary mortgage on a certain piece of property, which is described in the complaint, in favor of Cipriano Santos Lanchas, to secure $8,400 as principal and $1,150 as interest thereon, costs and attorney's fees; that at the time of the execution of the said mortgage the mortgagors had only received a part of the principal sum secured by the mortgage, the mortgagee Cipriano Santos becoming bound to make the proper liquidation in order to determine the sum actually due, which liquidation was never made voluntarily by the said Santos; that on November 11, 1916, the defendant Cipriano Santos brought summary foreclosure proceedings against the said Luisa López Laborde and the plaintiffs herein to recover the sum of $8,400, which he averred he had delivered to them and which they owed him, whereas in truth the sum delivered to, and owed by the defendants was only $4,247.28; that an order having been made for an execution sale in the summary foreclosure proceedings for the sum of $8,400, the said property was sold by the marshal to the judgment creditor Cipriano Santos for the amount of his credit, and he was given possession thereof on February 28, 1917, which possession he is still enjoying; and that ever since the defendant Santos took possession of the immovable the same has yielded to the said Santos an income of $150 monthly; and the plaintiffs allege that if the immovable had

been in their possession the income would have amounted to $200 monthly.

As a second cause of action, and after reproducing and adopting the foregoing averments, the plaintiffs alleged that in order to secure the said liquidation, they instituted on October 10, 1916, an action against Cipriano Santos; that on April 4, 1924, they recovered a judgment for $152.72, which was affirmed by this court on May 29, 1925; that the defendants Gabriel Martín Sánchez and Manuela Moro de Martín had notice of said action and of the fact that the other defendant Cipriano Santos had not liquidated the principal of the mortgage, and that, notwithstanding such notice, they purchased, or simulated the purchase of, the said property from the defendant Cipriano Santos on January 17, 1923, by a deed which was recorded in the registry of property.

The complaint concluded by praying that the foreclosure proceedings mentioned in the first count be declared null and void and the sale alleged in the second count be adjudged to have been simulated; that the plaintiffs be put in possession of the property described in the complaint, and Santos be adjudged to pay to them, as the fruits from the said real property gathered by the said Santos during his possession thereof, the sum of $150 per month, with costs, disbursements and attorney's fees.

The demurrer for lack of facts sufficient to constitute a cause of action seems to us the most important.

Plaintiffs have alleged that Cipriano Santos Lanchas was bound to make a liquidation in order to determine the amount actually due, but failed to do so. However, at the same time they have alleged that they brought an action against Santos for the difference between the amount of the loan actually delivered and the amount which ought to have been delivered, and that a final judgment was rendered in that action against the defendant for the sum of $152.72, to be paid to the plaintiffs, which action was commenced before Santos had brought the said foreclosure proceedings. If the judgment in that

action was executed—and it must be so presumed—the plain-
tiffs have suffered no prejudice.

Paragraphs ninth and tenth of article 175 of the Regula-
tions for the Execution of the Mortgage Law are as follows:

"All other claims that may be brought, either by the debtor
or by third persons in possession or other persons interested, includ-
ing those involving the nullity of the title or of the proceedings, or
the maturity, truth, extinction or amount of the debt, shall be heard
in the proper plenary action, without ever producing the effect of
suspending or interfering with the execution proceedings. The ju-
risdiction to take cognizance of this declaratory action shall be deter-
mined by the ordinary rules.

"At the time the complaint is filed, in pursuance of the provi-
sions of the preceding paragraph, or during the course of the pro-
ceedings, a demand may be.made that the effectiveness of the judg-
ment be secured by the retention of all or of a part of the amount
to be delivered to the execution creditor as a result of the execution
proceedings. The judge shall order this retention in view of the
documents which may be presented, if he deems the reasons ad-
vanced to be sufficient. If the execution creditor should give security
to the satisfaction of the judge for the amount which may be or-
dered retained to secure the effectiveness of the judgment in de-
claratory action, the retention shall be dissolved. If the person
applying for the adoption of this measure is known not to be suf-
ficiently solvent, the judge must require him first to furnish suf-
ficient guaranty to answer for the interest on account of delay and
compensation for any other loss or damage which the creditor may
be caused."

The wording of the article leaves no room for serious
doubt. Cases of annulment are those arising from matters af-
fecting the title in itself or the proceedings, and the law dis-
tinguishes them from those involving the certainty of the debt
or its amount. It seems that the fundamental reason for this
is to be found in the similar principle enacted by section 1233
of the Civil Code, which does not allow a mere error of ac-
count to invalidate a contract but only to afford ground for
its correction.

Appellants considered that the amount for which the lien

appeared to be constituted was not the correct one. They resorted to judicial proceedings and obtained a judgment for the balance up to the total and correct amount. They could have challenged the amount of the debt in an ordinary action and secured therein the effectiveness of the judgment. They actually advanced their claim in regard to the amount.

Even assuming that the deficiency in the amount could be ground for annulment, it would yet appear that the appellants herein, in order to recover such deficiency, elected the action they brought wherein they obtained judgment. They are now barred from resorting to another remedy based on the same cause of action.

In *Gandía* v. *Stubbe,* 34 P.R.R. 820, dealing with the election of remedies, this court said:

"Even in the case of co-existing concurrent remedies, it is often held that full satisfaction obtained in one proceeding is a bar to further prosecution of the other; and we fail to perceive why the same principle should not apply *a fortiori* when one of two inconsistent remedies has been pursued to a final judgment with proper provision therein for the issuance of execution and plaintiff has only to levy upon the property of a solvent defendant in order to obtain full satisfaction of such judgment."

In that opinion mention is made of the decision in *Brockhaus* v. *Rose,* 221 Pac. 29, which is of interest in this connection.

In the argument herein attention has been called to the decision of this court in *Polanco* v. *Goffinet et al.,* 29 P.R.R. 111; but that case and the case at bar differ greatly. In *Polanco* v. *Goffinet, supra,* it had been alleged in the complaint or petition in the mortgage foreclosure proceedings that the balance sued for had been previously struck in agreement with the debtor. The contract was one under which Polanco would be furnished at specified times with certain cash sums and advances which he was bound to repay in a certain way and which required various liquidations. There was at the bottom a crop financing contract wherein,

in order that the mortgage involved could arise, it was necessary that the liquidation required by law should first be made, which liquidation was never made although the contrary was alleged. The petition filed in that proceeding had failed to comply with the legal requirements as regards the specification of the exact sums collected from the debtor on account of principal and interest. Really, there were in that case several grounds which could have justified the annulment but which do not obtain in the present case, wherein any defect that may have existed has been remedied by a final judgment.

The appellants have not convinced us that the grounds they urge are sufficient to justify depriving the purchasers of the property of the protection which the law gives to third persons who contract, relying on what appears of record in the registry of property.

It is unnecessary to consider other questions raised, since the foregoing conclusions are sufficient for a determination of the appeal.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison dissented.